Hubert H. Kuo (SBN 204036)
Jennifer Berschauer (SBN 203977)
David Yu (SBN 276471)
ARDENT LAW GROUP, P.C.
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

Attorneys for Defendant JOHN COOK

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTNER DIVISION**

| | |
|---|---|
| BRUCE HYMANSON, an individual<br>Plaintiff,<br>vs.<br>MAD DOGG ATHLETICS, INC.; JOHN COOK; JOHN BAUDHUIN and DOES 1 through 10, inclusive.<br>Defendants. | Case No.<br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(A) FEDERAL QUESTION** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant JOHN COOK hereby removes to this Court the state court action described below.

1. On June 6, 2019, an action was commenced in the Superior Court of the State of California, County of Los Angeles, entitled *Hymanson, Bruce v. Mad Dogg Athletics, Inc., et al.*, as case number 19STCV19798. Attached as **Exhibit A** is a copy of the state court complaint.

2. The first date upon which Defendant JOHN COOK received a copy of the said complaint was July 17, 2019, when Defendant was served with a copy of the said Complaint and a summons from the said state court. Attached as **Exhibit B** is a copy of the summons. Attached as **Exhibit C** is a

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

1

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(A)

copy of the Civil Case Cover Sheet and its Addendum. Attached as **Exhibit D** is a copy of Defendant's Notice to the Clerk of the Superior Court and Adverse Party of Removal to Federal Court Under 28 U.S.C. § 1441(A).

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendant(s) pursuant to the provisions of 28 U.S.C. § 1441(a) in that it arises under 28 U.S.C. § 1338(a).

4. Defendants MAD DOGG ATHLETICS and JOHN BAUDHUIN joined in this Notice of Removal by the filing of a Joinder in the Notice of Removal of Action.

Dated: July 26, 2019

ARDENT LAW GROUP, P.C.

By: */s/ Hubert H. Kuo*
Hubert H. Kuo
Jennifer Berschauer
David Yu
Attorneys for Plaintiff
JOHN COOK

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is Ardent Law Group, P.C., 4340 Von Karman Ave., Newport Beach, CA 92660.

On July 26, 2019, I served the foregoing document described as follows:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(A) FEDERAL QUESTION**

☒ BY U.S. FIRST CLASS MAIL

Kenneth D. Watnick, Esq.
ANDERSON, McPHARLIN & CONNERS LLP
707 Wilshire Blvd., Suite 4000
Los Angeles, CA 90017-3623
Tel: (213) 688-0080
Fax: (213) 622-7594

Joel D Voelzke, Esq.
IP LAW OFFICES OF JOEL VOELZKE, APC
24772 W. Saddle Peak Rd.
Malibu, California 90265
Tel: (310) 317-4466
Attorneys for Plaintiff BRUCE HYMANSON

Executed on July 26, 2019 at Newport Beach, California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

David Yu
Type or Print Name

*/s/ David Yu*
Signature

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

# EXHIBIT A

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Robert Broadbelt

**KENNETH D. WATNICK (Bar No. 150936)**
**kdw@amclaw.com**
**ANDERSON, McPHARLIN & CONNERS LLP**
**707 Wilshire Boulevard**
**Suite 4000**
**Los Angeles, California 90017-3623**
**TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594**

**JOEL D. VOELZKE (Bar No. 179296)**
**joel@voelzke.com**
**IP LAW OFFICES OF JOEL VOELZKE, APC**
**24772 W. Saddle Peak Road**
**Malibu, California 90265**
**TELEPHONE: (310) 317-4466**

**Attorneys for Plaintiff BRUCE HYMANSON**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

| | |
|---|---|
| BRUCE HYMANSON,<br>Plaintiff,<br>vs.<br>MAD DOGG ATHLETICS, INC.; JOHN COOK; JOHN BAUDHUIN; AND DOES 1 THROUGH 10, INCLUSIVE,<br>Defendants. | Case No. 19STCV19798<br>Assigned to Hon. , Dept.<br>Action Filed:<br>**COMPLAINT**<br>Trial Date: None |

Plaintiff, Bruce Hymanson ("Hymanson"), alleges and states as follows:

**GENERAL ALLEGATIONS**

1. Hymanson is and, at all relative times, was a citizen of the State of the California with his residence in the County of Los Angeles.

2. Mad Dogg Athletics, Inc. ("Mad Dogg") is a California corporation with its principal place of business in Venice, California.

3. Hymanson is informed and believes that John Cook ("Cook") is an employee of Mad Dogg and a citizen of the State of California. Hymanson is not aware of the county in which Cook resides.

4. John Baudhuin is the shareholder and Chief Executive Officer of Mad Dogg. Hymanson is informed and believes that Mr. Baudhuin is a citizen of the State of California and works in the County of Los Angeles.

5. Hymanson is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues said defendants and each of them by such fictitious names. Hymanson is informed and believes, and thereon alleges that each of the said fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and Hymanson's damages were the result of the acts or omissions of said defendants and each of them. Hymanson shall seek leave of the Court to amend this Complaint to allege the true names and capacities of said defendants when ascertained.

6. Hymanson is informed and believes, and thereon alleges, that at all times relevant herein, defendants and each defendant were each other's agents, employees, partners, co-venturers, or representatives. Hymanson is informed and believes, and thereon allege, that at all times relevant herein, in performing the acts or omissions herein alleged, that defendants and each defendant were acting within the scope of said agency, employment, partnership, co-venture, or representation.

7. Venue in this jurisdiction is proper since the claim arises out of misconduct in the County of Los Angeles.

8. In or about 1991, Hymanson created the Bodyblade, a medical rehabilitation and fitness product. The Bodyblade functions through the use of a blade that the user drives from a center grip. The blade then oscillates giving a point of resistance to the user building the body from the center out, activating the core and upper and lower body. Because of the frequency and rapid contractions of the user's muscles, Bodyblade will automatically activate the precise muscle thousands of times in each workout. This allows a higher level of training to be possible in a relatively short period of time compared to normal conventional fitness regimens. This function is adaptable to the strengthening of other parts of the body, including most notably the muscle groups known as the core. This product is unique in the field and has been enormously successful.

///

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

9. The U.S. Patent and Trademark Office (PTO) granted to Hymanson as the inventor of the Bodyblade the following now-expired design and utility patents:

4,964,633 Isokinetic Oscillating Exercise Apparatus

5,147,262 Isokinetic Oscillating Exercise Apparatus

D321,733 Isokinetic Oscillating Exerciser.

10. Hymanson also is the sole shareholder of Hymanson, Inc. dba Bodyblade ("HI"). HI has been selling Bodyblades since 1991.

11. In 2009, HI entered into a License and Distribution Agreement ("Agreement") which was later amended and extended. On July 13, 2016, HI provided Mad Dogg with notice that it did not intend to renew the Agreement when it expired on August 31, 2016.

12. Between 2009 and 2016, Hymanson provided Cook and other representatives of Mad Dogg with information about Hymanson's ideas and designs for medical rehabilitation and fitness products and proposed methods for manufacturing those products. This information (collectively, the "Hymanson Inventions") was provided in confidence and was not to be used by Cook or Mad Dogg without Hymanson's knowledge or consent.

13. On or about June 15, 2017, Cook signed a Declaration purporting to be the inventor of an Isokinetic Oscillation Exercise Device and Method of Producing Same. The referenced invention reflected and incorporated the Hymanson Inventions that Hymanson had shared with Cook in confidence.

14. On or about June 15, 2017, Cook signed an Assignment document purporting to assign to Mad Dogg any interest he held in the Isokinetic Oscillation Exercise Device and Method of Producing Same. On information and belief, that Assignment document listed John Cook as the sole inventor.

15. On or about July 6, 2017, Mad Dogg filed an application for patent which was accorded Application No. 15/643,320 entitled and disclosing an "Isokinetic Oscillation Exercise Device and Method of Producing Same" (the "'320 Application"). The '320 Application identified Cook as the sole inventor. The '320 Application reflected and incorporated the

///

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

Hymanson Inventions that Hymanson had shared with Cook in confidence. The '320 Application was published by the PTO as publication no. US2018/0008859 on January 11, 2018.

16. On or about July 7, 2017, Mad Dogg recorded in the PTO the Assignment document from Cook, recorded in the PTO's assignment records at Reel 042926, Frame 0998.

17. On or about July 7, 2017, Mad Dogg filed an international patent application with the World Intellectual Property Organization (WIPO), which accorded to that filing application no. PCT/US2017/041159 ("the "PCT Application"). WIPO published that application as publication no. WO2018/009840 on January 11, 2018. That Application disclosed, incorporated and claimed the Hymanson Inventions.

18. On information and belief, when Cook signed the Inventor Declaration he knew that Hymanson had contributed inventive subject matter which was being disclosed and claimed in the '320 Application. Notwithstanding the foregoing, the Inventor Declaration failed to list Hymanson as an inventor.

19. On information and belief, when Mad Dogg filed the '320 Application and the PCT Application, it knew or should have known that Hymanson was, at minimum, a co-inventor due to the incorporation of the Hymanson Inventions into those applications. Notwithstanding the foregoing, Mad Dogg failed to identify Hymanson as an inventor or co-inventor and failed to request or obtain an assignment of the invention from Hymanson.

20. By virtue of the Assignment by Cook, Mad Dogg accepted joint and several responsibility for the obligations that Cook owed to Hymanson.

21. Hymanson only recently became aware of Defendants' misconduct.

**FIRST CAUSE OF ACTION**

**(Breach of Implied-In Fact Contract)**

22. Hymanson incorporates the allegations in Paragraphs 1 through 21 as if said allegations were set forth in full herein.

23. This cause of action is directed against Defendants Cook and Mad Dogg.

///

///

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

24. Hymanson shared the Hymanson Inventions in confidence with Cook and Mad Dogg with the expectation and understanding that they would not use the Hymanson Inventions nor convert or purport to transfer any rights therein without Hymanson's express consent.

25. Cook knew that Hymanson was not transferring or relinquishing his confidential ideas, designs, and processes to Cook or Mad Dogg.

26. Mad Dogg knew that Hymanson was not transferring or relinquishing his confidential ideas, designs, and processes to Cook or Mad Dogg.

27. Cook breached the implied contract by signing an inventor declaration which failed to credit Hymanson for the invention and assigning the purported invention to Mad Dogg.

28. Mad Dogg breached the implied contract by filing one or more applications for letters patent with the PTO and WIPO without disclosing Hymanson's inventorship and ownership of the inventions disclosed and claimed within those applications.

29. As a result of Defendants' misconduct, Hymanson was deprived of just compensation for the Hymanson Inventions, was prevented from filing for patents on the Hymanson Inventions, and was denied the ability to assign the Hymanson Inventions to a third party.

30. Hymanson has been damaged in an unascertained amount which is believed to be in excess of the jurisdiction of this Court.

31. Hymanson has also been damaged in that he was denied ownership of the Hymanson Inventions, and the Hymanson Inventions have been passed off as the inventions of another.

## SECOND CAUSE OF ACTION

### (Breach of Confidence)

32. Hymanson incorporates the allegations in Paragraphs 1 through 31 as if said allegations were set forth in full herein.

33. This cause of action is directed against all Defendants.

34. By virtue of the facts alleged above, Cook owed a duty of confidence to Hymanson and had a duty to guard the Hymanson Inventions from improper disclosure to third parties or any

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

act or omission that allowed a third party to misuse the Hymanson Inventions for its own profits, gain, or personal purpose.

35. Cook breached this duty of confidence by signing a declaration of invention and an assignment of invention to Mad Dogg that failed to disclose Hymanson's inventorship and ownership of the Hymanson Inventions, and by assisting Mad Dogg in filing for the '320 Application.

36. By virtue of the assignment and its knowledge of Hymanson's development and involvement in the Hymanson Inventions that were the subject of the '320 Invention, Mad Dogg owed a duty to guard the Hymanson Inventions and to prevent the Hymanson Inventions from being used for the gain or profit of third parties, including Mad Dogg.

37. Mad Dogg breached its duty of confidence by filing one or more patent applications, thereby disclosing the Hymanson Inventions to others, including to the public.

38. Hymanson is informed and believe that Baudhuin directed, authorized, and/or controlled the decision to conceal Hymanson's role as the inventor or, at minimum, co-inventor of the Hymanson Inventions.

39. Hymanson has been damaged in its unascertained amount which is believed to be in excess of the jurisdiction of this Court.

**THIRD CAUSE OF ACTION**

**(Conversion)**

40. Hymanson incorporates the allegations in Paragraphs 1 through 39 as if said allegations were set forth in full herein.

41. This cause of action is directed against all Defendants.

42. Hymanson owned the Hymanson Inventions that he shared with Cook.

43. Cook converted Hymanson's property by, among other things, signing a declaration of invention that did not disclose Hymanson's inventorship and ownership of the Hymanson Inventions without Hymanson's knowledge or consent, and taking other actions that were inconsistent with Hymanson's property rights.

///

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

44. Mad Dogg converted Hymanson's property by filing an application for patent which did not disclose Hymanson's ownership of the Hymanson Inventions and taking other steps that were inconsistent with Hymanson's property rights.

45. Hymanson is informed and believes that Baudhuin directed, authorized, and/or controlled the decision to conceal Hymanson's role as the inventor or, at minimum, co-inventor of the Hymanson Invention.

46. As a result of Defendants' misconduct, Hymanson was deprived of just compensation for the Hymanson Inventions, was prevented from filing a patent for the Hymanson Inventions, and was denied the ability to assign the Hymanson Inventions to a third party.

47. Hymanson has been damaged in an unascertained amount which is believed to be in excess of the jurisdiction of this Court.

48. Hymanson has also been damaged in that he was denied ownership of the Hymanson Inventions, and the Hymanson Inventions have been passed off as the inventions of another.

49. In doing the things herein alleged, Defendants acted willfully and with the intent to cause injury to Hymanson. Defendants are therefore guilty of malice, oppression, or fraud warranting an assessment of exemplary damages in an amount appropriate to punish them and to deter others from engaging in similar misconduct.

## FOURTH CAUSE OF ACTION

**(Declaratory Relief)**

50. Hymanson incorporates the allegations in Paragraphs 1 through 49 as if said allegations were set forth in full herein.

51. This cause of action is directed against Defendants Cook and Mad Dogg.

52. A dispute has arisen between Hymanson and Defendants Cook and Mad Dogg with respect to ownership of the Hymanson Inventions.

53. Hymanson contends that he is an inventor of the Hymanson Inventions.

54. Based on their filings, Hymanson is informed and believes that Cook and Mad Dogg dispute this contention and contend, instead, that they own the Hymanson Inventions.

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

55.     A judicial determination is required as to the ownership rights of the Hymanson Inventions.

WHEREFORE, Hymanson prays for judgment against all Defendants as follows:

**AS TO FIRST CAUSE OF ACTION:**

1.     Damages according to proof.

2.     Attorney's fees and costs.

3.     Interest from date of breach.

4.     A declaration from the Court that Hymanson is the original inventor or a co-inventor of U.S. Patent Application No. 15/643,320 and PCT Patent Application No. PCT/US2017/041159, and any other national, international, or foreign patent applications that correspond to, or claim priority from, or constitute national phase applications of, those patent applications.

5.     An order that Cook and Mad Dogg assign to Hymanson ownership or co-ownership of U.S. Patent Application No. 15/643,320 and PCT Patent Application No. PCT/US2017/041159, and any other national, international, or foreign patent applications that correspond to, or claim priority from, or constitute national phase applications of, those patent applications.

6.     Such other relief as the Court deems just and proper.

**AS TO SECOND CAUSE OF ACTION:**

1.     Damages according to proof.

2.     Attorney's fees and costs.

3.     Interest from date of breach.

4.     A declaration from the Court that Hymanson is the original inventor or a co-inventor of U.S. Patent Application No. 15/643,320 and PCT Patent Application No. PCT/US2017/041159, and any other national, international, or foreign patent applications that correspond to, or constitute national phase applications of, those patent applications.

5.     An order that Cook and Mad Dogg assign to Hymanson ownership or co-ownership of U.S. Patent Application No. 15/643,320 and PCT Patent Application No. PCT/US2017/041159,

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

and any other national, international, or foreign patent applications that correspond to, or constitute national phase applications of, those patent applications.

6. Such other relief as the Court deems just and proper.

**AS TO THIRD CAUSE OF ACTION:**

1. Damages according to proof.

2. Punitive and Exemplary Damages.

3. A declaration from the Court that Hymanson is the original inventor or a co-inventor of U.S. Patent Application No. 15/643,320 and PCT Patent Application No. PCT/US2017/041159, and any other national, international, or foreign patent applications that correspond to, or constitute national phase applications of, those patent applications.

4. An order that Cook and Mad Dogg assign to Hymanson ownership or co-ownership of U.S. Patent Application No. 15/643,320 and PCT Patent Application No. PCT/US2017/041159, and any other national, international, or foreign patent applications that correspond to, or constitute national phase applications of, those patent applications.

5. Such other relief as the Court deems just and proper.

**AS TO FOURTH CAUSE OF ACTION**

1. An order that Cook and Mad Dogg assign to Hymanson ownership or co-ownership of U.S. Patent Application No. 15/643,320 and PCT Patent Application No. PCT/US2017/041159, and any other national, international, or foreign patent applications that correspond to, or constitute national phase applications of, those patent applications.

2. Such other relief as the Court deems just and proper.

DATED: June 6, 2019

ANDERSON, McPHARLIN & CONNERS LLP

By: ______________________
Kenneth D. Watnick
Attorneys for Plaintiff BRUCE HYMANSON

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**DEMAND FOR JURY TRIAL**

Hymanson demands a trial by jury.

DATED: June 6, 2019

ANDERSON, McPHARLIN & CONNERS LLP

By: ______________________
Kenneth D. Watnick
Attorneys for Plaintiff BRUCE HYMANSON

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 06/06/2019 01:24 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
19STCV19798

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
MAD DOGG ATHLETICS, INC.; JOHN COOK; JOHN BAUDHUIN; AND DOES 1 THROUGH 10, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
BRUCE HYMANSON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
111 North Hill Street
Los Angeles, CA 90012
Central Division, Stanley Mosk Courthouse

CASE NUMBER: *(Número del Caso):* 19STCV19798

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kenneth D. Watnick - Bar No. 150936 (213) 688-0080
Anderson, McPharlin & Conners LLP
707 Wilshire Boulevard, Suite 4000 Los Angeles, CA 90017

Sherri R. Carter Executive Officer / Clerk of Court

DATE: *(Fecha)* 06/06/2019 Clerk, by *(Secretario)* Nancy Alvarez, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [ ] on behalf of *(specify)*:
   under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify)*:
4. [X] by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 06/06/2019 ... PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Kenneth D. Watnick 150936
Anderson, McPharlin & Conners LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, CA 90017
TELEPHONE NO.: (213) 688-0080 FAX NO.: (213) 622-7594
ATTORNEY FOR (Name): Plaintiff Bruce Hymanson

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central Division, Stanley Mosk Courthouse

CASE NAME: BRUCE HYMANSON v. MAD DOGG ATHLETICS, INC., ET AL.

**CIVIL CASE COVER SHEET**

☒ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**

☐ Counter ☐ Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 19STCV19798
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☒ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (*not specified above*) (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action (*specify*): 4
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: June 6, 2019
Kenneth D. Watnick
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36) Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: BRUCE HYMANSON v. MAD DOGG ATHLETICS, INC., ET AL. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: BRUCE HYMANSON v. MAD DOGG ATHLETICS, INC., ET AL. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☒ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, (2), 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels ______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: BRUCE HYMANSON v. MAD DOGG ATHLETICS, INC., ET AL. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: BRUCE HYMANSON v. MAD DOGG ATHLETICS, INC., ET AL. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | | | ADDRESS: 2111 Narcissus Court |
|---|---|---|---|
| CITY: Venice | STATE: CA | ZIP CODE: 90291 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: June 6, 2019

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

American LegalNet, Inc.
www.FormsWorkFlow.com

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

Superior Court of California
County of Los Angeles

Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section

Consumer Attorneys
Association of Los Angeles

Southern California
Defense Counsel

Association of
Business Trial Lawyers

California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

# EXHIBIT D

Hubert H. Kuo (SBN 204036)
Jennifer Berschauer (SBN 203977)
David Yu (SBN 276471)
ARDENT LAW GROUP, P.C.
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

Attorneys for Defendant JOHN COOK

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE**

| | |
|---|---|
| BRUCE HYMANSON, an individual<br><br>Plaintiff,<br><br>vs.<br><br>MAD DOGG ATHLETICS, INC.; JOHN COOK; JOHN BAUDHUIN and DOES 1 through 10, inclusive.<br><br>Defendants. | Case No.: 19STCV19798<br>Assigned to Hon. Judge Robert B. Broadbelt<br>Dept. 53<br><br>**DEFENDANT JOHN COOK'S NOTICE TO THE CLERK OF THE SUPERIOR COURT AND ADVERSE PARTY OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(A) FEDERAL QUESTION** |

- 1 -

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Ste. 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

DEFENDANT'S NOTICE TO THE CLERK OF THE SUPERIOR COURT AND ADVERSE PARTY OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(A)

**TO THE CLERK OF THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES AND TO ALL OTHER PARTIES:**

PLEASE TAKE NOTICE that on July 26, 2019, this action was removed to the United States District Court, Central District of California, Western Division, located at 312 N. Spring St., Los Angeles, CA 90012.

Attached as **Exhibit 1** is a copy of the Notice of Removal of Action

Attached as **Exhibit 2** is a copy of the Civil Cover Sheet.

Attached as **Exhibit 3** is a copy of the Notice of Interested Parties.

Attached as **Exhibit 4** is a copy of the Joinder in Notice of Removal of Action

Date: July 26, 2018

ARDENT LAW GROUP, P.C.

Hubert H. Kuo
Jennifer Berschauer
David Yu
Attorney for Defendant JOHN COOK

- 2 -

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Ste. 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

DEFENDANT'S NOTICE TO THE CLERK OF THE SUPERIOR COURT AND ADVERSE PARTY OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(A)

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and am not a party to the within action. My business address is that of 4340 Von Karman Ave., Suite 290, Newport Beach, CA 92660.

On July 26, 2019, at 4340 Von Karman Ave., Suite 290, Newport Beach, CA 92660, following ordinary business practices, I served a true and correct copy of the foregoing document entitled:

**DEFENDANT JOHN COOK'S NOTICE TO THE CLERK OF THE SUPERIOR COURT AND ADVERSE PARTY OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(A) FEDERAL QUESTION**

on interested parties in this action by placing a true and correct copy of each document thereof, enclosed in a sealed envelope, addressed as follows:

Kenneth D. Watnick, Esq.
ANDERSON, McPHARLIN & CONNERS LLP
707 Wilshire Blvd., Suite 4000
Los Angeles, CA 90017-3623
Tel: (213) 688-0080
Fax: (213) 622-7594

Joel D Voelzke, Esq.
IP LAW OFFICES OF JOEL VOELZKE, APC
24772 W. Saddle Peak Rd.
Malibu, California 90265
Tel: (310) 317-4466
Attorneys for Plaintiff BRUCE HYMANSON

(X) **BY MAIL:** I am readily familiar with the practice of Ardent Law Group, P.C. for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Newport Beach, California.

(--) **BY ELECTRONIC MAIL.** I caused the above referenced document(s) to be transmitted to the above-named person(s) at the referenced e-mail address(es).

Executed on July 26, 2019, at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

David Yu

- 3 -

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Ste. 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

DEFENDANT'S NOTICE TO THE CLERK OF THE SUPERIOR COURT AND ADVERSE PARTY OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(A)

# EXHIBIT 1

Hubert H. Kuo (SBN 204036)
Jennifer Berschauer (SBN 203977)
David Yu (SBN 276471)
ARDENT LAW GROUP, P.C.
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

Attorneys for Defendant JOHN COOK

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTNER DIVISION**

BRUCE HYMANSON, an individual

Plaintiff,

vs.

MAD DOGG ATHLETICS, INC.; JOHN COOK; JOHN BAUDHUIN and DOES 1 through 10, inclusive.

Defendants.

Case No.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(A) FEDERAL QUESTION**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant JOHN COOK hereby removes to this Court the state court action described below.

1. On June 6, 2019, an action was commenced in the Superior Court of the State of California, County of Los Angeles, entitled *Hymanson, Bruce v. Mad Dogg Athletics, Inc., et al.*, as case number 19STCV19798. Attached as **Exhibit A** is a copy of the state court complaint.

2. The first date upon which Defendant JOHN COOK received a copy of the said complaint was July 17, 2019, when Defendant was served with a copy of the said Complaint and a summons from the said state court. Attached as **Exhibit B** is a copy of the summons. Attached as **Exhibit C** is a

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

1

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(A)

copy of the Civil Case Cover Sheet and its Addendum. Attached as **Exhibit D** is a copy of Defendant's Notice to the Clerk of the Superior Court and Adverse Party of Removal to Federal Court Under 28 U.S.C. § 1441(A).

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendant(s) pursuant to the provisions of 28 U.S.C. § 1441(a) in that it arises under 28 U.S.C. § 1338(a).

4. Defendants MAD DOGG ATHLETICS and JOHN BAUDHUIN joined in this Notice of Removal by the filing of a Joinder in the Notice of Removal of Action.

Dated: July 26, 2019 ARDENT LAW GROUP, P.C.

By: */s/ Hubert H. Kuo*
Hubert H. Kuo
Jennifer Berschauer
David Yu
Attorneys for Plaintiff
JOHN COOK

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is Ardent Law Group, P.C., 4340 Von Karman Ave., Newport Beach, CA 92660.

On July 26, 2019, I served the foregoing document described as follows:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(A) FEDERAL QUESTION**

☒ BY U.S. FIRST CLASS MAIL

Kenneth D. Watnick, Esq.
ANDERSON, McPHARLIN & CONNERS LLP
707 Wilshire Blvd., Suite 4000
Los Angeles, CA 90017-3623
Tel: (213) 688-0080
Fax: (213) 622-7594

Joel D Voelzke, Esq.
IP LAW OFFICES OF JOEL VOELZKE, APC
24772 W. Saddle Peak Rd.
Malibu, California 90265
Tel: (310) 317-4466
Attorneys for Plaintiff BRUCE HYMANSON

Executed on July 26, 2019 at Newport Beach, California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

David Yu
Type or Print Name

*/s/ David Yu*
Signature

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

# EXHIBIT 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

BRUCE HYMANSON

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

MAD DOGG ATHLETICS, INC.,; JOHN COOK; JOHN BAUDHUIN; AND DOES 1 THROUGH 10, INCLUSIVE

(b) County of Residence of First Listed Plaintiff Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Los Angeles
*(IN U.S. PLAINTIFF CASES ONLY)*

(c) Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

Kenneth D. Watnick
Anderson, McPharlin & Conners
707 Wilshire Blvd., Suite 400
Los Angeles, CA 90017 213-688-0080

Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

Hubert Kuo
Ardent Law Group
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660 949-299-0188

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding ☒ 2. Removed from State Court ☐ 3. Remanded from Appellate Court ☐ 4. Reinstated or Reopened ☐ 5. Transferred from Another District (Specify) ☐ 6. Multidistrict Litigation - Transfer ☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ Unspecified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 USCS §1338 - the underlying state court action involved an inventorship dispute over a pending patent application.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☒ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS PERSONAL PROPERTY** | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 371 Truth in Lending | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | **Other:** | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 160 Stockholders' Suits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 190 Other Contract | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | **REAL PROPERTY** | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 362 Personal Injury-Med Malpratice | ☐ 442 Employment | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 230 Rent Lease & Ejectment | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | | | ☐ 448 Education | ☐ 751 Family and Medical Leave Act | |
| | | | | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| **QUESTION A: Was this case removed from state court?** ☒ Yes ☐ No<br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☒ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| **QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?** ☐ Yes ☒ No<br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | | |
|---|---|---|
| | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br>*check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br>*check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| **QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?** ☐ Yes ☒ No<br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | | |
|---|---|---|
| | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br>*check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br>*check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| **QUESTION D: Location of plaintiffs and defendants?** | **A.** Orange County | **B.** Riverside or San Bernardino County | **C.** Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| **D.1. Is there at least one answer in Column A?** | **D.2. Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes ☒ No<br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. → | ☐ Yes ☒ No<br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ↓ |

| **QUESTION E: Initial Division?** | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: → | Western |

**QUESTION F: Northern Counties?**

Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? ☐ Yes ☒ No

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?** ☒ NO ☐ YES

If yes, list case number(s): ____________________

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?** ☒ NO ☐ YES

If yes, list case number(s): ____________________

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** /s/ Hubert Kuo DATE: 7-26-19

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# EXHIBIT 3

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S) OR OF PARTY APPEARING IN PRO PER
Ardent Law Group, P.C.
Attn: Hubert H. Kuo (SBN 204036)
David Yu (SBN 276471
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Tel: (949) 299-0188
Fax: (949) 299-0127

ATTORNEY(S) FOR: Defendant John Cook

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Bruce Hymanson

Plaintiff(s),

v.

Mad Dogg Athletics, Inc.; John Cook; John Baudhuin, and DOES 1 through 10, inclusive,

Defendant(s)

CASE NUMBER:

**CERTIFICATION AND NOTICE OF INTERESTED PARTIES (Local Rule 7.1-1)**

TO: THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for Defendant John Cook or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

| PARTY | CONNECTION / INTEREST |
|---|---|
| John Cook | None |

July 26, 2019
Date

/s/ Hubert H. Kuo
Signature

Attorney of record for (or name of party appearing in pro per):

Defendant John Cook

# EXHIBIT 4

Hubert H. Kuo (SBN 204036)
Jennifer Berschauer (SBN 203977)
David Yu (SBN 276471)
ARDENT LAW GROUP, P.C.
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

Attorneys for Defendant MAD DOGG ATHLETICS, INC. JOHN COOK, and JOHN BAUDHUIN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| BRUCE HYMANSON, an individual<br>Plaintiff,<br>vs.<br>MAD DOGG ATHLETICS, INC.; JOHN COOK; JOHN BAUDHUIN and DOES 1 through 10, inclusive.<br>Defendants. | Case No.<br>**DEFENDANT MAD DOGG ATHLETICS, INC. AND JOHN BAUDHUIN'S JOINDER IN NOTICE OF REMOVAL OF ACTION** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Defendants MAD DOGG ATHLETICS, INC. and JOHN BAUDHUIN hereby join in Defendant JOHN COOK'S Notice of Removal to this Court of the state court action described in the said Notice of Removal.

Dated: July 26, 2019

ARDENT LAW GROUP, P.C.

By: */s/ Hubert H. Kuo*
Hubert H. Kuo
Jennifer Berschauer
David Yu
Attorneys for Plaintiff
JOHN COOK

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

1

DEFENDANTS' JOINDER IN NOTICE OF REMOVAL OF ACTION

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is Ardent Law Group, P.C., 4340 Von Karman Ave., Newport Beach, CA 92660.

On July 26, 2019, I served the foregoing document described as follows:

**DEFENDANT MAD DOGG ATHLETICS, INC. AND JOHN BAUDHUIN'S JOINDER IN NOTICE OF REMOVAL OF ACTION**

☒ BY U.S. FIRST CLASS MAIL

Kenneth D. Watnick, Esq.
ANDERSON, McPHARLIN & CONNERS LLP
707 Wilshire Blvd., Suite 4000
Los Angeles, CA 90017-3623
Tel: (213) 688-0080
Fax: (213) 622-7594

Joel D Voelzke, Esq.
IP LAW OFFICES OF JOEL VOELZKE, APC
24772 W. Saddle Peak Rd.
Malibu, California 90265
Tel: (310) 317-4466
Attorneys for Plaintiff BRUCE HYMANSON

Executed on July 26, 2019 at Newport Beach, California.

□ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

David Yu
Type or Print Name

*/s/ David Yu*
Signature

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127